Morris S. Getzels, Esq. (SBN 70947)
MORRIS S. GETZELS Law Office
6047 Tampa Avenue, Suite 307
Tarzana, CA 91356-1176
Telephone (818) 881-5550 or (310) 288-0200
Facsimile   (818) 881-5558
email: morris@getzelslaw.com

Attorney for Plaintiff,
HEIDI SUMMER WRIGHT PLATER
a/k/a HEIDI WRIGHT

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HEIDI SUMMER WRIGHT PLATER,<br>a/k/a HEIDI WRIGHT<br><br>            Plaintiff,<br><br>vs.<br><br><br>THE UNITED STATES OF<br>AMERICA, SANDRA VENCES,<br>PABLO a/k/a PUEBLO DOE (last<br>name unknown at this time), and<br>DOES 1 through 10, inclusive,<br><br>            Defendants. | CIVIL ACTION  NO.<br><br>**COMPLAINT** |

## I.   <u>INTRODUCTION</u>

Plaintiff Heidi Summer Wright Plater, a/ka/ Heidi Wright (and hereinafter "Heidi Wright"), brings this disability discrimination and tort claim action against Defendants United States of America, Sandra Vences, and Pablo a/k/a Pueblo Doe, for refusing to let Heidi Wright board an airplane, because she was physically unable to say her name or write her name. Defendants violated the Rehabilitation Act, 29 U.S.C.§ 794; 28 U.S.C. § 2674, that permits tort claims against the United States; related California Statutes, and common law rights.

1

Heidi Wright seeks actual damages (trebled under California law), exemplary damages against the individual Defendants, and attorneys fees and costs.

## II.   JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, for the Rehabilitation Act claims, and exclusive jurisdiction under 28 U.S.C. §1346 (b)(1) for Plaintiff's tort claims against the United States.

2.   This Court has supplemental jurisdiction under 28 U.S.C. Section 1367 for the claims brought under California law, arising from the same nucleus of operative facts and that are part of the same case or controversy.

3.   Plaintiff's tort claims are authorized by 28 U.S.C. § 2674.

4.   All of Defendants' actions complained of herein occurred within the jurisdiction of the United States District Court for the Central District of California, Western Division. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 (b)(1) and (2) and (c)(1).

## III.   PARTIES

5.   Plaintiff Heidi Wright was a resident of Los Angeles County, California, on April 1, 2014, at the time the events alleged in this Complaint occurred. On April 1, 2014, Heidi Wright was 58 years old. Heidi Wright is a stroke victim. She suffered strokes in 2004 and 2007. As a result of the adverse effects of the strokes, Heidi Wright cannot walk, speak or write her name. Heidi Wright understands what a person says to her, but cannot respond verbally or in writing. She can communicate yes or no by shaking her head. Heidi Wright is physically disabled as defined by all applicable United States and California laws, e.g. 29 U.S.C. § 705(20); California Government Code Section 12926. Heidi Wright is a member of the public whose rights are protected.

6.   Defendant United States of America is a governmental entity.  The United States of America has an Executive agency, the Department of Homeland Security, which department has a subordinate Executive agency, the

1  Transportation Security Administration.

2      7.    Defendant Sandra Vences was, at all times mentioned herein, an

3  employee of the United States of America's Department of Homeland Security,

4  Transportation Security Administration. Heidi Wright is informed and believes,

5  and thereon alleges that Defendant Sandra Vences lives in California, within the

6  Central District of California.

7      8.    Defendant Pablo a/k/a Pueblo Doe was, at all times mentioned herein,

8  an employee of the United States of America's Department of Homeland Security,

9  Transportation Security Administration. Plaintiff is unaware of Pablo a/k/a Pueblo

10  Doe's last name, and sues him under the fictitious last name of Doe. Heidi Wright

11  is informed and believes, and thereon alleges that Defendant Pablo a/k/a Pueblo

12  Doe lives in California, within the Central District of California. Leave to amend

13  will be sought when Heidi Wright discovers Pablo a/k/a Pueblo's true last name.

14      9.    Does 1-10 are sued under fictitious names because Heidi Wright is

15  unaware of their true identities.  Leave to amend will be sought when their true

16  identities are learned.  Heidi Wright alleges on information and belief that Does

17  1-10 are legally responsible for the wrongdoing alleged herein, and are residents

18  of California, who live within the central District of California.

19  **IV.   FACTS**

20      10.   Heidi Wright is a disabled person who suffers from the effects of

21  strokes, which effects include that she cannot speak and cannot write. Heidi

22  Wright cannot walk, and is confined to a wheelchair. She is incontinent, and wears

23  diapers. She has diabetes, which requires that she eat at regular intervals. Heidi

24  Wright also has undergone hemapheresis, a blood treatment procedure, has

25  suffered a CVA (cerebrovascular accident - a type of stroke), suffers from

26  hypertension, coronary artery disease and chronic ischemic heart disease, sick

27  sinus syndrome, and expressive aphasia. Heidi Wright's stroke affected her right

28  side. Because she is right-handed, she cannot write; her right hand cannot hold a

COMPLAINT

pen. Further, as of April 1, 2014, the date of the events alleged in this Complaint, Heidi Wright was taking four prescription medications daily, and had a prescription for a fifth medication, to be taken as needed for her systolic blood pressure, if it exceeded 160.

11.     On or about April 1, 2014, Heidi Wright, who was moving to Arizona that day, attempted to board an airplane for a short flight to Phoenix, Arizona, Southwest Airlines Flight 1015, departing from Los Angeles International Airport at 9:55 p.m. The estimated time of flights from Los Angeles International Airport to Phoenix, Arizona is about an hour and a half. At the Los Angeles airport, Heidi Wright had a California Identification card containing a photograph of Heidi Wright. Although the card had expired on September 28, 2012, at the time of the events alleged herein, Heidi Wright had with her at the airport an original document from the California Department of Motor Vehicles showing that she had applied for an California Identification Card Renewal. Heidi Wright's Social Security card was also presented at that time, when Heidi Wright was trying to board the airplane.

Moreover, Heidi Wright's sister, Sherry Wright was in the airport with Heidi Wright and could identify her. Thereafter, another of Heidi Wright's sisters, Chantel Bonet was on the telephone with the individual defendants and Sherry Wright.

12.     The two Transportation Safety Administration employees, Ms. Vences and Pablo a/k/a Pueblo Doe, were not satisfied with the California Identification Card as proof of Heidi Wright's identity, even though it contained Heidi Wright's photograph, because it had expired. Ms. Vences and Pablo a/k/a Pueblo Doe would not accept the Renewal Application for the California Identification Card, even though it was an original document, dated March 25, 2014. Further Sherry Wright had brought Heidi Wright's Social Security card to the airport. Because Sandra Vences and Pablo a/k/a Pueblo Doe did not accept

Heidi Wright's documents as proof of Ms. Wright's identity, they did not allow Ms. Wright to board the airplane, Flight 1015, Southwest Airlines, Los Angeles International Airport to Phoenix.

13.     Plaintiff is informed and believes and thereon alleges that the United States of America's Department of Homeland Security's Transportation Security Administration has a procedure called "Certification of Identity" and a form entitled "Certification of Identity" that allows a person without any other identification to board an airplane.  At no time did the Defendants ever offer to have a Certification of Identity form completed for Heidi Wright, despite the fact that Heidi Wright's sister Sherry Wright was present in the airport at the time of the events alleged herein, and another sister, Chantel Bonet, who holds a Power of Attorney for Heidi Wright, was on the telephone with the individual Defendants, at the time that Defendants were denying Ms. Heidi Wright the right to board the airplane, because she could not identify herself by speaking or writing her name.

14.     Between 8:00 p.m. to 9:44 p.m. on April 1, 2014, Defendants Sandra Vences and Pablo a/k/a Pueblo Doe repeatedly asked Heidi Wright to say her name or to write her name to identify herself; the requests continued constantly for one hour and forty-four minutes. The two Transportation Safety Administration employees, Ms. Sandra Vences and Pablo a/k/a Pueblo Doe, were responsible for processing the passengers for Flight 1015. As part of the screening process, Ms. Vences and Pablo a/k/a Pueblo Doe asked Heidi Wright to say her name or to write her name to identify herself, because they would not accept as proof of Heidi Wright's identity, the documents presented, the California Identification card with Ms. Wright's picture on it, the renewal application for that card, and her Social Security card. Ms. Vences and Pablo a/k/a Pueblo Doe made it clear to Heidi Wright that if she did not say or write her name, she would not be allowed to board the airplane.  Heidi Wright was almost immediately reduced to tears and remained crying for the entire hour and forty-four minutes that Defendants

demanded that Heidi Wright say or write her name. Heidi Wright suffers from aphasia which makes it difficult, if not impossible, to speak, because of brain damage. Heidi Wright tried hard to say her name, but could only make garbled sounds. Further, Heidi Wright could not hold a pen so as to write her name.

15.     Defendants told Heidi Wright that she could not board the airplane, Southwest Airlines, Flight 1015 to Phoenix, departing at 9:55 p.m.  The flight left without Heidi Wright because the United States of America, Department of Homeland Security, Transportation Safety Administration would not let her board the airplane.

16.     The known names of the agents who prevented Heidi Wright from boarding the plane are Sandra Vences and Pablo a/k/a Pueblo Doe (last name unknown), who were, at the time that the events alleged herein took place, both employees of the United States of America, Department of Homeland Security, Transportation Security Administration.

17.     Heidi Wright's Medicare/Medicaid payments had been terminated in California, effective March 31, 2014. Heidi Wright's Medicare/Medicaid payments had been transferred to Arizona. Her housing at a skilled nursing facility, Century Skilled Nursing Care, in Los Angeles had been terminated as of March 31, 2014, in California, and a residence facility for disabled persons in Arizona had been arranged for Heidi Wright. Because Heidi Wright no longer had any medical benefits in California, and had nowhere to live in California, Heidi Wright needed to physically be moved to Arizona on April 1, 2014. Only by Heidi Wright being physically present in the residence facility in Arizona would the State of Arizona pay for Heidi Wright to live in the residence facility. Heidi Wright's family does not have sufficient funds to pay for a residence facility with medical staff for Heidi Wright, or to pay for Heidi Wright's medical care and treatments or her daily medication. Her sister, Chantel Bonet, had already moved to Arizona, to be near her sister Heidi Wright, had arranged for Heidi Wright's

COMPLAINT

residence in Arizona, and had transferred Heidi Wright's benefit payments to Arizona.

18.     Moreover, anticipating that her sister, Heidi Wright, would need assistance in traveling, Chantel Bonet started to make preparations before April 1, 2014 for Heidi Wright's moving to Arizona. On March 20, 2014, Ms. Bonet wrote to the California Department of Motor Vehicles requesting that Heidi Wright's California Identification Card be renewed. On March 31, Sherry Wright, another sister of Heidi Wright, took Heidi Wright to the California Department of Motor Vehicles to obtain a valid California Identification Card renewal. The Department of Motor Vehicles issued a receipt for the application for the identification card renewal which Sherry Wright brought to the airport on April 1, 2014 and presented as part of the documents to identify Heidi Wright.

19.     On March 25, 2014, Ms. Bonet wrote letters to the Chief Executive Offices of four airlines, Southwest, Delta, American, and United, asking for assistance for boarding Heidi Wright because she is unable to talk or walk. Beginning on March 25, 2015 and thereafter on March 26, March 27, and March 30, 2014, Chantel Bonet telephoned the Transportation Safety Administration's "TSA Cares" Department. TSA Cares handles preparing disabled persons to board airplanes at Los Angeles International Airport. On those four occasions when Ms. Bonet telephoned TSA Cares, Ms. Bonet did not receive assistance from TSA Cares. On March 31, 2014, Ms. Bonet telephoned TSA Cares Supervisor Karen Hennington.  Ms. Bonet left a voicemail with TSA Cares Supervisor, Karen Hennington, stating that Heidi Wright cannot talk, walk, or write, so what are the appropriate steps to take for Heidi Wright to board the airplane? Ms. Hennington never returned Ms. Chantel Bonet's telephone call.

20.     Instead of a one hour and a half flight to Phoenix, Arizona, the next fastest way to have Heidi Wright transported to Arizona by public transportation was by bus. Accordingly, Ms. Chantel Bonet arranged for a taxi-cab to pick-up

Heidi Wright at the airport, take Heidi Wright to the bus terminal, and for the taxi-cab driver to remain with Heidi Wright, until the bus left for Phoenix. Further, Ms. Bonet arranged for Heidi Wright to wear a piece of paper pinned onto Heidi Wright's blouse which stated:

"Control #AG496900, confirmation number 27642006, password: Chantel. I cannot speak, please help me, I am going to Phoenix, Arizona. I don't need to get off until I get to Phoenix, Arizona. Emergency Number (602) 600-1099."

Instead of less than an hour and a half flight, Heidi Wright had to sit on the bus for about 14 hours. Because there was no one on the bus who could help her change, Heidi Wright wore the same diaper for all 14 hours.

21.   Because the Defendants stopped Heidi Wright from boarding the plane, the 14 hour bus ride was the best public transportation available to Heidi Wright at that time, that could take her to Phoenix, Arizona, to arrive the same day. Heidi Wright's flight, Southwest Airlines Flight 1015 was the last flight to Phoenix that night, April 1, 2014, from Los Angeles. Heidi Wright could not take another flight that night. Further, because Heidi Wright could not get past the security screening, Heidi Wright could not fly to Phoenix at all.

**V.   FIRST CLAIM - DISABILITY DISCRIMINATION**

22.   Plaintiff hereby incorporates Paragraphs 1-21 of this Complaint, as though each allegation therein was set forth in full herein.

23.   Plaintiff Heidi Wright is an individual with a disability as defined in 29 U.S.C. § 705 (20).

24.   Defendant United States of America is a government entity that maintains as an Executive agency, the Department of Homeland Security, that has a subordinate Executive agency to the Department of Homeland Security, called the Transportation Safety Administration.

25.   Defendant United States of America, through its Executive Agency,

the Department of Homeland Security's actions as alleged above, violated the Rehabilitation Act, 29 U.S.C. Section 794, by discriminating against an individual with disabilities, Heidi Wright, on the basis of her disabilities, in the operations of the aforesaid Executive agency.

26.    Defendants, through their actions as outlined above, discriminated against Heidi Wright solely on the basis of her disability. Heidi Wright was subjected to discrimination by the operations of the United States, through its Executive Agency, the Department of Homeland Security, and its subordinate Executive Agency, the Transportation Safety Administration, by refusing to let her board Flight 1015, Southwest Airlines from Los Angeles International Airport to Phoenix, Arizona.

27.    As a result of that discrimination, Heidi Wright suffered extreme emotional distress, mental anguish, mortification, humiliation, embarrassment and shame.  Further, she continued to so suffer extreme emotional distress and mental anguish, mortification, humiliation, embarrassment and shame for a substantial period of time after April 1, 2014, as a result of the events of April 1, 2014.

## VI.    SECOND CLAIM - TORT CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.    Heidi Wright incorporates by this reference Paragraphs 1 to 27 of this Complaint as though each allegation therein was set forth in full herein.

29.    On June 26, 2014, Heidi Wright filed a complaint with the United States government under the Federal Tort Claims Act.

30.    On December 12, 2016, the United States rejected the claim.

31.    On or about April 1, 2014, in acting as alleged hereinabove, Defendants willfully and consciously disregarded the probability that Heidi Wright would suffer severe and extreme emotional distress, and either willfully and consciously disregarded the rights of Heidi Wright, or acted with deliberate indifference in so violating the rights of Heidi Wright.

9

COMPLAINT

32.     Defendants, in acting as alleged hereinabove, actually and proximately caused Heidi Wright to suffer extreme and severe emotional distress, mental anguish, mortification, humiliation, embarrassment and shame.

33.     The behavior of Defendants was outrageous, beyond the acceptable range of behavior for people in a civilized society, and created damages beyond that which a human being would be expected to endure.

34.     In badgering Heidi Wright for an hour and forty-four minutes to speak her name or write her name, when her obvious disabilities prevented her from doing either; and in persisting to demand that Heidi Wright speak her name or write her name, even when Heidi Wright was crying and sobbing and was in observable pain and emotional suffering, the Defendants acted intentionally with malice and oppression, or with a reckless disregard of the consequences or with deliberate indifference, that their actions were injuring Heidi Wright, both physically in making her cry, and emotionally. That behavior merits punitive damages.

35.     Further, the Defendants' behavior caused the mental suffering and extreme emotional distress that Heidi Wright suffered when she tried to board the plane**.** That suffering continued for a substantial period of time after April 1, 2014.

**VII.     THIRD CLAIM - CALIFORNIA DISABLED PERSONS ACT**

36.     Heidi Wright incorporates by this reference all allegations contained in Paragraphs 1 to 35 of this Complaint as though each allegation therein was set forth in full herein.

37.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of public places.

38.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all common carriers, including airplanes.

COMPLAINT

39.     Defendants violated California Civil Code Sections 54 and 54.1 in refusing to allow Heidi Wright to pass through security so that she could board the airplane that was flying to Arizona, which was Flight 1015, Southwest Airlines, to Phoenix.

40.     Heidi Wright suffered actual damages as a result of the Defendants' violation of the California Disabled Persons Act by the Defendants' acts alleged hereinabove, in badgering Heidi Wright for an hour and forty-four minutes to speak or write her name when it was apparent that she was too disabled to do either. Further, Ms. Wright's damages continued for a substantial period of time after April 1, 2014.

## VIII.  <u>FOURTH CLAIM - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

41.     Heidi Wright incorporates by this reference all allegations contained in Paragraphs 1 to 40 of this Complaint as though each allegation therein was set forth in full herein.

42.     The individual Defendants owed a duty of due care to Heidi Wright, as a member of the public who was attempting to board an airplane. As persons controlling access to air travel, Defendants had a duty to treat each passenger with courtesy and respect and in good faith. Traveling is known to be stressful.

43.     Defendants knew or should have known that their failure to exercise due care in the performance of their duty to have each passenger identify herself or himself, would cause plaintiff severe emotional distress. Heidi Wright was in a wheelchair, could not speak, could not hold a pen in her hand. After the first time that Heidi Wright could not speak her name, and could not hold a pen to write down her name, Defendants knew or should have known that persisting in badgering Heidi Wright to say her name or write her name was going to cause Heidi Wright severe emotional distress. Moreover, when Heidi Wright began to cry and sob as Defendants kept demanding that Heidi Wright speak or write her

name, Defendants knew or should have known that they were causing Heidi Wright severe emotional distress and mental suffering.

44.     By continuing for an hour and forty-four minutes to demand that Heidi Wright say or write her name, Defendants breached their duty of due care.

45.     As a proximate result of Defendants' aforesaid conduct, breaching their duty of due care, Heidi Wright became more and more emotionally distraught and her mental suffering became more extreme.

46.     As a further proximate result of Defendants' seemingly never-ending demands that Heidi Wright speak or write her name, and the consequences proximately caused by those demands, as hereinabove alleged, Heidi Wright suffered severe emotional distress, mental anguish, mortification, humiliation, embarrassment and shame, all to her damage. That damage continued for a substantial period of time after April 1, 2014.

## Supplemental Jurisdiction

47.     Pursuant to 28 U.S.C. 1367 (a), Heidi Wright asserts that all claims based solely on state law in the Complaint arise under the supplemental jurisdiction of this Court. Both the claims based on federal law stated herein and the claims based on state law arise from the same operative facts, to wit, that Heidi Wright was denied the right to board the airplane, because she was too disabled to speak or write her name. Therefore, in the instant case, the federal and state law claims are derived from a common nucleus of operative facts, and the state law causes of actions are so closely related to the federal causes of actions that they form part of the same case or controversy, and the claims would ordinarily be expected to be tried in one judicial proceeding. Moreover, because the United States is a defendant under the Federal Tort Claim Act, this case had to be filed in federal court.

///

///

## IX.    PRAYER FOR RELIEF

WHEREFORE, Heidi Wright respectfully prays for the following relief:

1.    For all damages recoverable under the Rehabilitation Act 29 U.S.C. 794, for the disability discrimination against Heidi Wright; and

2.    For damages for all the emotional distress, mental anguish, mortification, humiliation, embarrassment and shame suffered by Heidi Wright; and

3.    For actual damages sustained but no less than the statutory minimum damages under Section 54.3 (a) of the California Civil Code according to proof, and that the actual damages be trebled; and

4.    For punitive damages under California Civil Code Section 3294, from all defendants except the United States of America; and

5.    For attorneys' fees including attorneys' fees under California Civil Code Section 54.3(a); and

6.    For the costs of suit; and

7.    For any additional relief deemed equitable and just, under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.


Dated: June 9, 2017                    Respectfully submitted,


　/s/ Morris S. Getzels
Morris S. Getzels
Morris S. Getzels Law Office
Attorney for Plaintiff Heidi Wright