SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
JASON K. AXE
Assistant United States Attorney
California Bar Number 187101
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-8827
        Facsimile: (213) 894-7819
        Email: Jason.Axe@usdoj.gov
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| HEIDI SUMMER WRIGHT PLATER, a/k/a/ HEIDI WRIGHT,<br><br>            Plaintiff,<br><br>            v.<br><br>THE UNITED STATES OF AMERICA, ELAINE DUKE, ACTING SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, and DOES 1 through 10, inclusive,<br><br>            Defendants. | No. CV 17-4297 VAP (JEM)<br><br>**(1) NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 12(b)(1), (6)]**<br><br>Date:  February 5, 2018<br>Time:  2:00 p.m.<br>Ctrm:  Hon. Virginia A. Phillips |

# **TABLE OF CONTENTS**

DESCRIPTION                                                                                    PAGE

I.     INTRODUCTION AND SUMMARY OF ARGUMENT...................................1

II.    ARGUMENT...................................................................................................2

    A.   PLAINTIFF IS NOT ENTITLED TO MONEY DAMAGES AS TO
        HER REHABILITATION ACT CLAIM, AND THEREFORE IT IS
        SUBJECT TO DISMISSAL.........................................................................2

    B.   PLAINTIFF'S ALLEGATIONS FAIL TO PLAUSIBLY STATE A
        CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL
        DISTRESS UNDER CALIFORNIA LAW .................................................3

    C.   PLAINTIFF'S CALIFORNIA DISABLED PERSONS ACT CLAIM
        MUST BE DISMISSED..............................................................................8

    D.   PLAINTIFF'S ALLEGATIONS FAIL TO PLAUSIBLY STATE A
        CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL
        DISTRESS UNDER CALIFORNIA LAW ...............................................10

    E.   PLAINTIFF'S FIFTH, SIXTH, AND SEVENTH CLAIMS FOR
        NEGLIGENT HIRING, TRAINING, AND SUPERVISION ARE
        BARRED BY THE DISCRETIONARY FUNCTION EXCEPTION
        TO THE FEDERAL TORT CLAIMS ACT ...............................................12

        1.   No statute or policy mandated a specific course of action in
            hiring, training, or supervising Vences and Paiva ...........................14

        2.   Decisions about the hiring, training, and supervision of Vences
            and Paiva were susceptible to policy analysis ..................................15

III.   CONCLUSION...............................................................................................16

i

# TABLE OF AUTHORITIES

**Federal Cases**

Ard v. FDIC,
  770 F. Supp. 2d 1029 (C.D. Cal. 2011) ...................................................15

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)......................................................................................7

Bailey v. United States,
  623 F.3d 855 (9th Cir. 2010) ....................................................................14

Bishop v. Mazda Motor of N. Am.,
  2012 WL 5383293 n.5 (N.D. Cal. 2012) ...................................................9

Brown v. Henderson,
  6 Fed. Appx. 155, 2001 WL 285147 (4th Cir. 2001) ................................9

Burkhart v. Washington Metro. Area Transit Auth.,
  112 F.3d 1207 (D.C. Cir. 1997) ...............................................................15

Chadd v. United States,
  794 F.3d 1104 (9th Cir. 2015) ......................................................13, 14, 15

City of Los Angeles v. Lyons,
  461 U.S. 95 (1983)........................................................................................2

Corales v. Bennett,
  567 F.3d 554 (9th Cir. 2009) ......................................................................3

Cruz Lopez v. Puerto Rico Air Nat'l Guard,
  1998 WL 136425 (D.P.R. 1998)..................................................................9

Doe v. Holy See,
  557 F.3d 1066 (9th Cir. 2009) ..................................................................13

Duronslet v. County of Los Angeles,
  --- F. Supp. 3d ---, 2017 WL 2661619 (C.D. Cal. 2017)...........................6

Edd v. County of Placer,
   2015 WL 1747394 (E.D. Cal. 2015)...................................................................5

Freeman v. United States,
   2014 WL 1117619 (N.D. Cal. 2014) .................................................................5

Galindo v. City of San Mateo,
   2016 WL 7116927 (N.D. Cal. 2016) .................................................................3

Gillette v. Donahoe,
   622 F. App'x 178 (3d Cir. 2015)........................................................................9

Green v. United States,
   630 F.3d 1245 (9th Cir. 2011) .........................................................................14

Hekmat v. TSA,
   247 F. Supp. 3d 427 (S.D.N.Y. 2017) ............................................................14

Johnson v. Rehman,
   2016 WL 4096415 (E.D. Cal. 2016)................................................................11

Kasramehr v. Wells Fargo Bank N.A.,
   2011 WL 12473383 (C.D. Cal. 2011) .............................................................11

Lane v. Pena,
   518 U.S. 187 (1996)................................................................................vii, 2, 9

Lehman v. Nakshian,
   453 U.S. 156 (1981)............................................................................................8

Mitchell v. United States,
   787 F.2d 466 (9th Cir. 1986) .............................................................................9

Molzof v. United States,
   502 U.S. 301 (1992)............................................................................................3

Mundy v. United States,
   983 F.2d 950 (9th Cir. 1993) .............................................................................9

Newsome v. United States,
   2006 WL 1153609 (E.D. Cal. 2006)..................................................................7

iii

Nurse v. United States,
  226 F.3d 996 (9th Cir. 2000) ................................................................. 14, 15

Padilla v. United States,
  2013 WL 5913813 (C.D. Cal. 2013) ............................................................ 14

Patterson v. Kelso,
  2016 WL 4126726 (E.D. Cal. 2016)............................................................. 14

Reed v. Federal National Mortgage Association,
  2015 WL 12911617 (C.D. Cal. 2015) .......................................................... 10

Rezek v. City of Tustin,
  2014 WL 12584444 (C.D. Cal. 2014) ............................................................ 3

Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council,
  322 F.3d 602 (9th Cir. 2003) ......................................................................... 7

Skiffington v. Keystone RV Co.,
  2013 WL 12133662 (C.D. Cal. 2013) ....................................................... 7, 11

Spence v. Straw,
  54 F.3d 196 (3d Cir. 1995)............................................................................. 9

Tarantino v. Syputo,
  2006 WL 1530030 (N.D. Cal. 2006) .............................................................. 6

United States v. Gaubert,
  499 U.S. 315 (1991)...................................................................................... 13

United States v. Mitchell,
  463 U.S. 206 (1983)........................................................................................ 8

United States v. Nordic Village, Inc.,
  503 U.S. 30 (1992).......................................................................................... 9

United States v. Orleans,
  425 U.S. 807 (1976)........................................................................................ 8

Van Horn v. Hornbeak,
  2009 WL 413725 (E.D. Cal. 2009).............................................................. 4

Vickers v. United States,
  228 F.3d 944 (9th Cir. 2000) ....................................................... 15

Voss v. Baker,
  2017 WL 2311682 (E.D. Cal. 2017)............................................... 4

Wade v. Chao,
  2007 WL 2406892 (N.D. Cal. 2007) ............................................... 8

Walker v. Boeing Corp.,
  218 F. Supp. 2d 1177 (C.D. Cal. 2002) ........................................ 12

Wayne Merritt Motor Co., Inc. v. N.H. Ins. Co.,
  2012 WL 3071431 (N.D. Cal. 2012) ............................................... 8

White v. Soc. Sec. Admin.,
  111 F. Supp. 3d 1041 (N.D. Cal. 2015) ........................................ 14

Wilson v. City & County of San Francisco,
  1996 WL 134919 (N.D. Cal. 1996) ................................................. 6

**State Cases**

Bock v. Hansen,
  170 Cal. Rptr. 3d 293 (Cal. Ct. App. 2014)................................... 8

Branch v. Homefed Bank,
  6 Cal. App. 4th 793 (1992) .......................................................... 10

Cochran v. Cochran,
  76 Cal. Rptr. 2d 540 (Cal. Ct. App. 1998)..................................... 4

Enciso v. City of Los Altos,
  2015 WL 1952275 (Cal. Ct. App. 2015) ....................................... 10

Fisher v. San Pedro Penn. Hosp.,
  262 Cal. Rptr. 842 (Cal. Ct. App. 1989)........................................ 8

Hughes v. Pair,
  46 Cal. 4th 1035 (Cal. 2009).............................................. 4, 6, 7

Jackson v. Mayweather,

   10 Cal. App. 5th 1240 (2017) .........................................................................4

Lawson v. Mgmt. Activities, Inc.,

   69 Cal. App. 4th 652 (1999) ......................................................................10

Macy's Calif. v. Superior Court,

   41 Cal. App. 4th 744 (1995) ......................................................................10

Michaelian v. State Comp. Ins. Fund,

   50 Cal. App. 4th 1093 (1996) ................................................................6, 12

Mobasser v. Yermian,

   2014 WL 1603324 (Cal. Ct. App. 2014) ....................................................7

Molien v. Kaiser Found. Hosps.,

   27 Cal. 3d 919 (1980) ...............................................................................10

Potter v. Firestone Tire & Rubber Co.,

   6 Cal. 4th 965 (1993) ...............................................................................10

Van Halen v. Berkeley Hall Sch. Found., Inc.,

   2014 WL 7192559 (Cal. Ct. App. 2014) ....................................................7

Wong v. Tai Jing,

   117 Cal. Rptr. 3d 747 (Cal. Ct. App. 2010) ..........................................7, 11

**Federal Statutes**

28 U.S.C. § 2680(a) ........................................................................................13

29 U.S.C. § 794 .................................................................................................2

**Federal Regulations**

49 C.F.R. § 1540.107(a)....................................................................................5

49 C.F.R. § 1540.5 ............................................................................................1

vi

## NOTICE OF MOTION AND MOTION TO DISMISS
## FIRST AMENDED COMPLAINT

PLEASE TAKE NOTICE that on February 5, 2018, at 2:00 p.m., or as soon thereafter as the parties may be heard, Defendants United States of America and Elaine Duke, Acting Secretary of Homeland Security will bring for hearing a motion to dismiss the First Amended Complaint. The hearing will take place before the Honorable Virginia A. Phillips, in her Courtroom, First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012.

Defendants, by and through their undersigned counsel, respectfully move to dismiss Plaintiff's First Amended Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Defendants move to dismiss Plaintiff's first claim for damages pursuant to the Rehabilitation Act because the federal government has not waived its sovereign immunity against monetary damages for violations of Section 504 of the Rehabilitation Act. Lane v. Pena, 518 U.S. 187 (1996).

Defendants move to dismiss Plaintiff's second claim for intentional infliction of emotional distress ("IIED") because (1) Defendant Duke is not a proper defendant pursuant to the Federal Tort Claims Act, and (2) Plaintiff has failed to allege sufficient facts to establish that any action of any federal employee was sufficiently "extreme and outrageous" to support a claim of intentional infliction of emotional distress.

Defendants move to dismiss Plaintiff's third claim brought pursuant to the California Disabled Persons Act because the United States has not waived its sovereign immunity as to claims brought pursuant to that California statute.

Defendants move to dismiss Plaintiff's fourth claim for negligent infliction of emotional distress ("NIED") because (1) Defendant Duke is not a proper defendant pursuant to the Federal Tort Claims Act, and (2) Plaintiff has failed to allege sufficient facts to establish that any federal employee breached a legal duty, causing severe,

1  substantial, and enduring emotional distress to Plaintiff.

2        Defendants move to dismiss Plaintiff's fifth, sixth, and seventh claims for

3  negligent hiring, training, and supervision because (1) Defendant Duke is not a proper

4  defendant pursuant to the Federal Tort Claims Act, and (2) those claims are barred by the

5  discretionary function exception to the Federal Tort Claims Act.

6        This Motion is based on this Notice, the Memorandum of Points and Authorities

7  attached hereto, the pleadings, records, and files in this action, and upon such other and

8  further arguments, documents, and grounds as may be presented at the hearing of this

9  Motion.

10       This Motion is made following the conference of counsel pursuant to Local Rule

11  7-3 which took place on November 30, 2017.

12

13  Dated: December 4, 2017              Respectfully submitted,

14                                       SANDRA R. BROWN
                                         Acting United States Attorney
15                                       DOROTHY A. SCHOUTEN
                                         Assistant United States Attorney
16                                       Chief, Civil Division
                                         ROBYN-MARIE LYON MONTELEONE
17                                       Assistant United States Attorney
                                         Chief, General Civil Section
18

19                                         /s/ *Jason K. Axe*
                                         JASON K. AXE
20                                       Assistant United States Attorney
                                         Attorneys for Defendants
21

22

23

24

25

26

27

28

                                         viii

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

3        On the night of April 1, 2014, Plaintiff Heidi Wright arrived at Los Angeles

4   International Airport ("LAX") seeking to board a flight to Phoenix, Arizona.  (FAC at

5   ¶ 12.)  In order to pass through an airport checkpoint into a sterile area[1] at LAX, Plaintiff

6   was required to show valid identification, which she did not possess.  (See FAC at ¶ 12;

7   TSA Website, Identification, at https://www.tsa.gov/travel/security-

8   screening/identification).

9        Plaintiff alleges that her medical condition prevents her from writing with her

10  right hand and makes talking difficult.  (FAC at ¶ 11, 15.)  Nonetheless, in an effort to

11  verify her identify, two Transpiration Security Administration employees (Sandra

12  Vences and Pablo Paiva) repeatedly asked her to say or write her name to identify herself

13  over the course of one hour and forty-four minutes.[2]  (FAC at ¶ 15.)  Plaintiff alleges that

14  despite her efforts to try to say her name, she was unable to do so, and that resulted in

15  her crying for the entire one hour and forty-four minutes when she was not permitted to

16  pass through the screening area.  (FAC at ¶ 15.)[3]

17       Plaintiff brings this action alleging various tort claims and claims for disability

18  discrimination against the United States and Elaine Duke, Acting Secretary of Homeland

19  Security, arising from the interaction described above with the two TSA employees.

20  Plaintiff's FAC must be dismissed because she has failed to adequately allege facts to

21

22       [1] The sterile area is the portion of the airport "that provides passengers access to
23  boarding aircraft and to which the access generally is controlled by TSA."  49 C.F.R.
    § 1540.5.

24       [2] The procedures utilized by the TSA employees to attempt to verify Plaintiff's
25  identity resulting from her failure to present with valid identification are summarized at
    the TSA Website, Identification, under the section, "Forgot Your ID?"  See TSA
    Website, Identification at https://www.tsa.gov/travel/security-screening/identification.

26       [3] Although Plaintiff alleges that there may have been an alternative procedure by
27  which she could have been permitted to complete security screening and enter the sterile
    area (e.g., FAC at ¶ 14), the availability of alternative procedures is irrelevant to the
28  claims Plaintiff has advanced in her FAC, which are expressly based on how TSA
    employees carried out their identity verification duties.

1

support her claims.  Plaintiff's claim for damages pursuant to the Rehabilitation Act must be dismissed because the federal government has not waived its sovereign immunity against monetary damages for violations of Section 504 of the Rehabilitation Act.  Lane v. Pena, 518 U.S. 187 (1996).  Plaintiff's claims for intentional and negligent infliction of emotional distress must be dismissed because she has failed to allege facts sufficient to demonstrate that any actions of a federal employee were "extreme and outrageous" or that her distress was severe and enduring.  Plaintiff's claim brought pursuant to the California Disabled Persons Act must be dismissed because the United States has not waived its sovereign immunity as to claims brought pursuant to that California statute. Finally, Plaintiff's claims for negligent hiring, training, and supervision must be dismissed because those claims are barred by the discretionary function exception to the Federal Tort Claims Act.

**II.    ARGUMENT**

**A.    PLAINTIFF IS NOT ENTITLED TO MONEY DAMAGES AS TO HER REHABILITATION ACT CLAIM, AND THEREFORE IT IS SUBJECT TO DISMISSAL**

In the FAC, Plaintiff seeks damages pursuant to a Section 504 Rehabilitation Act claim (29 U.S.C. § 794).  (See FAC at ¶¶ 23-28.)  However, the Supreme Court has made clear that the federal government has not waived its sovereign immunity against monetary damages for violations of Section 504 of the Rehabilitation Act.  Lane, 518 U.S. 187.  Therefore, Plaintiff is only entitled to seek injunctive relief for her Rehabilitation Act claim.   To obtain an injunction, a plaintiff must be threatened with present or future harm; an injunction cannot be based solely on a past wrong.  City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).  Here, Plaintiff has not sought injunctive relief in her FAC regarding her Rehabilitation Act claim, nor has she alleged that she is threatened with present or future harm.  Therefore, Plaintiff's Rehabilitation Act claim must be dismissed.

2

**B.** **PLAINTIFF'S ALLEGATIONS FAIL TO PLAUSIBLY STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER CALIFORNIA LAW[4]**

California state law governs Plaintiff's tort claims against the United States. Molzof v. United States, 502 U.S. 301, 305 (1992). The elements of a prima facie case of intentional infliction of emotional distress in California are:

(1)     extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress;

(2)     the plaintiff's suffering severe or extreme emotional distress; and

(3)     actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (citation omitted). Here, Plaintiff has failed to allege facts sufficient to establish elements one and two. Accordingly, she has failed to state a claim upon which relief can be granted.

With respect to the first required element, Plaintiff failed to adequately plead intent. Plaintiff has made only bare conclusory assertions that any TSA employee acted with the specific intent of causing her emotional distress. This is not enough to state a claim. See, e.g., Galindo v. City of San Mateo, 2016 WL 7116927, at *9 (N.D. Cal. 2016); Rezek v. City of Tustin, 2014 WL 12584444 (C.D. Cal. 2014) (failure to allege facts beyond "mere formulaic recitation of the elements of intentional infliction of emotional distress" was insufficient to plead sufficient facts to suggest that the defendants "intended to cause or acted with reckless disregard in causing emotional distress").

---

[4] Plaintiff's second claim alleges intentional infliction of emotional distress ("IIED") against Defendants United States and Elaine Duke, Acting Secretary. Because Plaintiff's claim is brought pursuant to the Federal Tort Claims Act, the only proper defendant is the United States of America. Therefore, to the extent that Plaintiff has attempted to include the Acting Secretary as a defendant as to this claim, she should be dismissed from Plaintiff's second claim.

Plaintiff also failed to allege any action by a federal employee that was extreme and outrageous.  Extreme and outrageous conduct "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Hughes v. Pair, 46 Cal. 4th 1035, 1051 (Cal. 2009) (quotation omitted).  "It has not been enough that the defendant has acted with an intent to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Voss v. Baker, 2017 WL 2311682, at *5 (E.D. Cal. 2017) (quoting Jackson v. Mayweather, 10 Cal. App. 5th 1240 (2017)).

When determining whether alleged conduct is extreme and outrageous, a court must focus on the character of "the actual conduct itself" rather than the alleged results of the conduct or any particular vulnerabilities of the plaintiff. Van Horn v. Hornbeak, 2009 WL 413725, at *7 (E.D. Cal. 2009) (citing Cochran v. Cochran, 76 Cal. Rptr. 2d 540, 544 (Cal. Ct. App. 1998)).  Applying this rule, courts have held that alleged conduct was not extreme and outrageous even if the defendant knew that the plaintiff was "peculiarly susceptible to emotional distress," Cochran, 76 Cal. Rptr. 2d at 544.  Regardless of the results of alleged conduct or a plaintiff's special sensitivities, a claim for IIED cannot be maintained unless the alleged conduct itself is a "major outrage." Cochran, 76 Cal. Rptr. 2d at 544 (quotation omitted).

In her FAC, Plaintiff stakes her claim for IIED on the conduct of two TSA employees who allegedly "badger[ed] [her] for an hour and forty-four minutes to speak her name or write her name, when her obvious disabilities prevented her from doing either." (FAC at ¶ 35.)  While this alleged conduct might have been perceived as insensitive, it was not so atrocious as to be extreme and outrageous under California law.

Plaintiff acknowledges that verification of a commercial airline passenger's identity before allowing her to enter the sterile area of an airport and board a flight is a

4

required part of TSA security screening.  See FAC at ¶ 45 (alleging that the TSA employees had a "duty to have each passenger identify herself or himself"); see also 49 C.F.R. § 1540.107(a) ("No individual may enter a sterile area or board an aircraft without submitting to the screening and inspection of his or her person and accessible property in accordance with the procedures being applied to control access[.]"); TSA Website, Identification, https://www.tsa.gov/travel/security-screening/identification ("If your identity is confirmed, you will be allowed to enter the screening checkpoint. . . . You will not be allowed to fly if your identity cannot be confirmed, you chose to not provide proper identification or you decline to cooperate with the identity verification process.").

Notably, Plaintiff has not alleged that the manner in which the TSA employees carried out the standard operating procedures for identity verification was extreme and outrageous.  Plaintiff alleges that the employees persisted with efforts to get her to speak her name or write her name for an extended period of time even though they could see that she was crying and "in observable pain and emotional suffering."  (FAC at ¶ 35.) However, Plaintiff's allegations do not rise to the level of outrageousness required to plead intentional infliction of emotional distress.  For example, Plaintiff has not alleged that TSA employees threatened her, physically touched her or her property, or used foul or aggressive language or discriminatory epithets.  In the absence of such aggravating factors, "insensitive behavior does not rise to the level of extreme and outrageous conduct required for [IIED]."  Freeman v. United States, 2014 WL 1117619, at *6 (N.D. Cal. 2014).  This remains true even when the particular sensitivities of a disabled plaintiff are known to alleged tortfeasors.  See, e.g., Edd v. County of Placer, 2015 WL 1747394 (E.D. Cal. 2015) (finding not outrageous the alleged conduct of forcing an arrestee to sit or lie on a concrete floor or narrow metal bench for 12 hours despite knowledge that the arrestee's disabilities – traumatic brain injury, bursitis, arthritis, and multiple bulging vertebral discs – made it difficult for him to sit or lie down).

Although Plaintiff further alleges that there may have been an alternative

5

procedure by which she could have been permitted to complete security screening and enter the sterile area (e.g., FAC at ¶ 14), the availability of alternative procedures is irrelevant to the claims Plaintiff has advanced in her FAC, which are expressly based on the manner in which TSA employees carried out their identity verification duties.

With respect to the severity of emotional suffering, Plaintiff has not alleged that her emotional distress was sufficiently severe to support a claim for IIED.  The California Supreme Court "has set a high bar" for showing severe emotional distress. Hughes, 46 Cal. 4th at 1035.  "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." Id. (quotation omitted).  The high bar applies even at the pleading stage, and courts have commonly dismissed IIED claims when a plaintiff's allegations of emotional distress and resultant symptoms and physical manifestations are inadequate.  See, e.g., Duronslet v. County of Los Angeles, --- F. Supp. 3d ---, 2017 WL 2661619, at *4 (C.D. Cal. 2017) (holding that allegations that plaintiff suffered "shock, embarrassment, and emotional distress" are insufficient to plead the severe emotional distress element of IIED); Wilson v. City & County of San Francisco, 1996 WL 134919, at *5 (N.D. Cal. 1996) (holding that "allegations of fear of police officers and insomnia are insufficient as a matter of law to substantiate a claim of emotional distress"); Tarantino v. Syputo, 2006 WL 1530030, at *13 (N.D. Cal. 2006) (finding failure to establish a required element of IIED claim because "plaintiff makes no concrete allegations whatsoever as to the effect defendants' conduct had on him").  To survive a motion to dismiss, a "complaint must plead specific facts that establish severe emotional distress." Michaelian v. State Comp. Ins. Fund, 50 Cal. App. 4th 1093, 1113-14 (1996) (emphasis added).

Here, the sum total of Plaintiff's allegations of emotional distress are that she cried and sobbed for an hour and forty-four minutes while at LAX on April 1, 2014 and that she suffered "extreme emotional distress, mental anguish, mortification, humiliation, embarrassment and shame" for an unspecified period of time after April 1, 2014.  (FAC

1   at ¶¶ 15, 28, 35, 48).  Plaintiff's allegations are merely "naked assertions devoid of

2   further factual enhancement," and they amount to no more than a pro forma recitation of

3   the severe emotional distress element of an IIED claim.  Ashcroft v. Iqbal, 556 U.S. 662,

4   678 (2009).

5          Plaintiff simply has not alleged sufficient factual content to plausibly plead severe

6   emotional distress.  Courts have commonly found similar generalized allegations – and

7   even more specific statements of harm – to be inadequate to state a claim.  See, e.g.,

8   Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council, 322 F.3d

9   602, 622 (9th Cir. 2003) (holding that feeling "threatened or scared," feeling

10  "nervousness and tension," or generally feeling "emotionally hurt" are not injuries that

11  rise to the level of severe emotional distress required to support a claim for IIED under

12  California law); Skiffington v. Keystone RV Co., 2013 WL 12133662, at *8 (C.D. Cal.

13  2013) (feeling "nervous and extremely distressed" and "extremely harassed" is not

14  enough to establish severe emotional distress); Newsome v. United States, 2006 WL

15  1153609, at *8 (E.D. Cal. 2006) (claimed suffering of "hypertension, headaches,

16  stomach pains and heart attack feelings . . . fail[s] to substantiate severe or extreme

17  emotional distress"); Wong v. Tai Jing, 117 Cal. Rptr. 3d 747, 767 (Cal. Ct. App. 2010)

18  (finding plaintiff's assertions of lost sleep, upset stomach, and "generalized anxiety"

19  insufficient); Hughes, 46 Cal. 4th at 1051 (assertions that plaintiff suffered "discomfort,

20  worry, anxiety, upset stomach, concern, and agitation" insufficient to state a claim for

21  IIED); Van Halen v. Berkeley Hall Sch. Found., Inc., 2014 WL 7192559, at *11 (Cal.

22  Ct. App. 2014) (allegations that parents "suffered severe emotional distress worrying

23  about [their child's] health" while she was at a school where administrators engaged in

24  extreme and outrageous conduct of lying about taking steps to protect the child from

25  allergies "did not come close to" stating a claim for IIED); Mobasser v. Yermian, 2014

26  WL 1603324, at *7 (Cal. Ct. App. 2014) (finding feelings of betrayal, dishonor, and

27  heartbreak and loss of sleep insufficient to establish severe emotional distress).

28          Plaintiff's general allegations of emotional distress are "minimal," Wong, 117 Cal.

7

Rptr. 3d at 767, and they do not state a serious or lasting disruption of her life of the type necessary to plausibly plead a claim for IIED.  Accordingly, Plaintiff's IIED claim against the United States should be dismissed.  See, e.g., Wayne Merritt Motor Co., Inc. v. N.H. Ins. Co., 2012 WL 3071431, at *12 (N.D. Cal. 2012) (dismissing IIED action when "allegations fall short of stating a plausible claim"); Wade v. Chao, 2007 WL 2406892, at *4 (N.D. Cal. 2007) ("While generally a factual issue, a court may dismiss a claim if, as alleged, it fails to rise to the level of outrageousness." (citing Fisher v. San Pedro Penn. Hosp., 262 Cal. Rptr. 842 (Cal. Ct. App. 1989))); Bock v. Hansen, 170 Cal. Rptr. 3d 293, 308 (Cal. Ct. App. 2014) ("[M]any cases have dismissed intentional infliction of emotional distress cases on demurrer, concluding that the facts alleged do not amount to outrageous conduct as a matter of law." (collecting cases)).

## C.   PLAINTIFF'S CALIFORNIA DISABLED PERSONS ACT CLAIM MUST BE DISMISSED

Plaintiff's third claim is brought pursuant to the CDPA (Cal. Civ. Code § 54, 54.1).  (FAC at ¶¶ 38-42.)  The CDPA provides that individuals with disabilities have the same right as the general public to the full and free use of public places and full and equal access to places where the general public is invited.  Cal. Civ. Code §§ 54, 54.1.

Plaintiff's third claim must be dismissed because she has failed to adequately allege that the United States has waived its sovereign immunity as to claims brought against it pursuant to the CDPA.  The United States possesses sovereign immunity from civil suits brought by its citizens, except when it consents to be sued, and the United States can define the limits of such consent.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Orleans, 425 U.S. 807, 814 (1976).  If Congress has not waived sovereign immunity from a claim, the Court lacks subject-matter jurisdiction over the claim.  United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that . . . the existence of consent [to be sued] is a prerequisite for jurisdiction.").

A party bringing an action against the United States must demonstrate a waiver of immunity and the waiver "cannot be implied but must be unequivocally expressed."

8

1    Lane, 518 U.S. at 192; Mitchell v. United States, 787 F.2d 466, 467 (9th Cir. 1986).

2    Moreover, any waiver of that immunity must be strictly construed in favor of the United

3    States.  United States v. Nordic Village, Inc., 503 U.S. 30, 33–34 (1992).  If a claim does

4    not fall squarely within the strict terms of a waiver of sovereign immunity, a district

5    court is without subject matter jurisdiction. See, e.g., Mundy v. United States, 983 F.2d

6    950, 952 (9th Cir. 1993).

7         Here, Plaintiff's failure to identify a statute waiving sovereign immunity is fatal to

8    her CDPA claim against the United States and the Acting Secretary.  See Bishop v.

9    Mazda Motor of N. Am., 2012 WL 5383293, at *7 n.5 (N.D. Cal. 2012) (noting the

10   plaintiff's failure to identify any basis for the federal government's waiver of sovereign

11   immunity for her CDPA claim); cf. Cruz Lopez v. Puerto Rico Air Nat'l Guard, 1998

12   WL 136425, at *3 (D.P.R. 1998) ("The federal government has not consented to suit

13   under Puerto Rico's discrimination laws.")  Because Plaintiff has failed to affirmatively

14   establish that Congress has unequivocally granted this Court subject-matter jurisdiction

15   over her CDPA claim, it should be dismissed.

16        Even if Plaintiff could identify a statute that plausibly waived the federal

17   government's sovereign immunity as to her CDPA claim alleging discrimination by the

18   TSA based on her handicap, because that claim mirrors her Rehabilitation Act claim, it is

19   subject to dismissal.  The Rehabilitation Act provides the exclusive remedy for a

20   disability discrimination claim against the federal government.  See, e.g., Spence v.

21   Straw, 54 F.3d 196, 202, 203 (3d Cir. 1995) ("Rehabilitation Act provides the exclusive

22   means by which a litigant may raise claims of discrimination on the basis of handicap by

23   federal agencies."); Gillette v. Donahoe, 622 F. App'x 178, 180 n.2 (3d Cir. 2015) (citing

24   Spence); Brown v. Henderson, 6 Fed. Appx. 155, 2001 WL 285147 (4th Cir. 2001)

25   (citing Spence).   Therefore, Plaintiff's third claim should be dismissed.

26

27

28

9

1
2
3

### D.    PLAINTIFF'S ALLEGATIONS FAIL TO PLAUSIBLY STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER CALIFORNIA LAW[5]

4
5
6
7
8
9
10

The negligent infliction of emotional distress is not an independent tort but the tort of negligence, involving the usual duty and causation issues.  See Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993); Macy's Calif. v. Superior Court, 41 Cal. App. 4th 744, 748 (1995) (traditional negligence elements of duty, breach of duty, causation, and damages apply); Lawson v. Mgmt. Activities, Inc., 69 Cal. App. 4th 652, 657 (1999) (NIED claim is simply a claim for "damages for emotional distress under a negligence theory").

11
12
13
14
15
16
17
18
19
20

To allege a claim for NIED, Plaintiff must show that (1) a federal employee owed her a duty; (2) the employee breached that duty; (3) Plaintiff has suffered serious emotional distress as a result, which the employee should have foreseen; and (4) damages.  See Reed v. Federal National Mortgage Association, 2015 WL 12911617, at *6 (C.D. Cal. 2015) (citation omitted).  With rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests.  Id. (citing Potter, 6 Cal. 4th at 985).  The rare exceptions are "certain specialized classes of cases, where the negligence is of a type which will cause highly unusual as well as predictable emotional distress."  Id. (citing Branch v. Homefed Bank, 6 Cal. App. 4th 793, 800 (1992)).

21
22
23
24

To sufficiently plead the damages element in a case with no physical injury, a plaintiff must allege emotional distress that is "serious."  Id. (quoting Molien v. Kaiser Found. Hosps., 27 Cal. 3d 919, 929-30 (1980)); see also Enciso v. City of Los Altos, 2015 WL 1952275, at *13 (Cal. Ct. App. 2015) ("In [Molien], the California Supreme

25
26
27
28

---

[5] Plaintiff's fourth claim alleges negligent infliction of emotional distress ("NIED") against Defendants United States and Elaine Duke, Acting Secretary.  Because Plaintiff's claim is brought pursuant to the Federal Tort Claims Act, the only proper defendant is the United States of America.  Therefore, to the extent that Plaintiff has attempted to include the Acting Secretary as a defendant as to this claim, she should be dismissed from Plaintiff's fourth claim.

1    Court made clear that to recover damages for emotional distress on a claim of negligence

2    where there is no accompanying personal, physical injury, the plaintiff must show that

3    the emotional distress was 'serious.'"); Johnson v. Rehman, 2016 WL 4096415, at *5

4    (E.D. Cal. 2016) (noting that a plaintiff establishes the damages element of the tort of

5    negligence "by showing that he suffered from 'serious emotional distress'" (citation

6    omitted)).

7         Here, Plaintiff has not alleged that any federal employee threatened physical

8    injury, or that her case is one of the rare exceptions.  See id. (citing Kasramehr v. Wells

9    Fargo Bank N.A., 2011 WL 12473383, at *10 (C.D. Cal. 2011) (noting rare exceptions

10   include cases "where a defendant mishandled the cremated remains of a plaintiff's

11   brother, a doctor negligently advised a plaintiff's wife that she suffered from syphilis,

12   where the defendant owed the plaintiff fiduciary or quasi-fiduciary duties, and where a

13   plaintiff witnessed injury to a close relative.").  Instead, Plaintiff merely alleges that

14   federal employees repeatedly asked her to say her name or write her name in order to

15   verify her identity so that she could board an airplane.  (FAC at ¶ 45.)

16        California courts have explained that "'serious emotional distress' is functionally

17   the same as . . . 'severe emotional distress'" that is a required element of IIED.  Wong,

18   117 Cal. Rptr. 3d at 768; see also Skiffington, 2013 WL 12133662, at *8 ("[T]he level of

19   emotional distress required for [NIED] is functionally equivalent to that required for

20   [IIED].").  There is "no material distinction" between the serious emotional distress

21   required for a negligence claim and the severe emotional distress required for an IIED

22   claim, and there is "no reason why either [standard] would, or should, describe a greater

23   or lesser degree of emotional distress than the other for purposes of establishing a tort

24   claim."  Wong, 117 Cal. Rptr. 3d at 768.  Therefore, as set forth above, because

25   Plaintiff's allegations of emotional distress are not sufficiently severe to state a claim for

26   IIED, they are also not sufficiently serious to state a claim under a negligence theory.  Id.

27        Here, Plaintiff's NIED claim is based on the same alleged conduct underlying her

28   IIED claim, i.e., TSA employees repeatedly asking her if she could say or write her

name. (FAC at ¶¶ 45, 46.) As with Plaintiff's IIED claim, her claim for NIED also fails as a matter of law because she has not pled serious emotional distress. Plaintiff's allegations of a single bout of crying and generalized "mental anguish, mortification, humiliation, embarrassment and shame," (FAC at ¶¶ 28, 48), are insufficient to state the type of emotional distress that is considered severe or serious under California law. Plaintiff has not alleged the duration of her distress, she has not alleged that her distress included fear for her physical safety, and she has not alleged that her distress interfered with her ability to function in her relationships or daily life. She also has not alleged any symptoms or manifestations of her distress aside from the one instance of crying. And she has not alleged that she was diagnosed with any emotional distress-related conditions or that she received or sought any treatment or counseling for her distress or its effects. Given the absence from Plaintiff's complaint of any detailed allegations of this sort, it is clear that she has not stated a claim for negligence for which emotional distress damages can be granted. See Michaelian, 58 Cal. Rptr. 2d at 146 (explaining that a "complaint must plead specific facts" regarding the level of emotional distress (emphasis added)). Accordingly, Plaintiff's negligence claim against the United States should be dismissed.

Finally, to the extent that Plaintiff alleges that the conduct by the federal employees was intentional, such conduct cannot from the basis of a negligence claim. See, e.g., Walker v. Boeing Corp., 218 F. Supp. 2d 1177, 1185 (C.D. Cal. 2002).

**E.**     **PLAINTIFF'S FIFTH, SIXTH, AND SEVENTH CLAIMS FOR NEGLIGENT HIRING, TRAINING, AND SUPERVISION ARE BARRED BY THE DISCRETIONARY FUNCTION EXCEPTION TO THE FEDERAL TORT CLAIMS ACT[6]**

Plaintiff's fifth, sixth, and seventh claims allege negligent hiring, training, and

---

[6] Plaintiff's fifth, sixth, and seventh claims allege negligence against Defendants United States and Elaine Duke, Acting Secretary. Because Plaintiff's claims are brought pursuant to the Federal Tort Claims Act, the only proper defendant as to these claims is the United States of America. Therefore, to the extent that Plaintiff has attempted to include the Acting Secretary as a defendant as to these claim, she should be dismissed from Plaintiff's fifth, sixth, and seventh claims.

1    supervision of TSA employees Vences and Paiva.  (FAC at ¶¶ 49-60.)   These claims are
2    barred by the discretionary function exception to the FTCA. The FTCA's limited waiver
3    of sovereign immunity does not extend to tort claims "based upon the exercise or
4    performance or the failure to exercise or perform a discretionary function or duty on the
5    part of a federal agency or an employee of the Government, whether or not the discretion
6    involved be abused." 28 U.S.C. § 2680(a).

7         The discretionary function exception "'marks the boundary between Congress'
8    willingness to impose tort liability upon the United States and its desire to protect certain
9    governmental activities from exposure to suit by private individuals.'" <u>Chadd v. United</u>
10   <u>States</u>, 794 F.3d 1104, 1108 (9th Cir. 2015) (citation omitted). The purpose of the
11   exception is to "prevent judicial 'second-guessing' of legislative and administrative
12   decisions grounded in social, economic, and political policy through the medium of an
13   action in tort." <u>Id.</u>  (citation and quotation marks omitted).

14        The discretionary function exception bars a claim when: (1) the challenged
15   conduct is "discretionary in nature" — i.e., it involves "an element of judgment or
16   choice," instead of being subject to a statute, regulation, or policy dictating "mandatory
17   and specific action"; and (2) the challenged conduct "is of the type Congress meant to
18   protect" under the exception —i.e., it "involves a decision that is susceptible to social,
19   economic, or political policy analysis." <u>Chadd</u>, 794 F.3d at 1108–09.  While the burden
20   of proving the applicability of the discretionary function exception falls on the
21   Government, the "'plaintiff must advance a claim that is facially outside the
22   discretionary function exception in order to survive a motion to dismiss.'"  <u>Doe v. Holy</u>
23   <u>See</u>, 557 F.3d 1066, 1084 (9th Cir. 2009) (citation omitted).

24        The exception "is not confined to the policy or planning level" and extends "to the
25   actions of Government agents" taken "in the course of day-to-day activities." <u>United</u>
26   <u>States v. Gaubert</u>, 499 U.S. 315, 323-25, 334 (1991). In addition, the challenged conduct
27   "'need not be actually grounded in policy considerations'" and need only be "'by its
28   nature, susceptible to a policy analysis'" in order to be barred by the discretionary

1    function exception.  See Chadd, 794 F.3d at 1109 (citation omitted). In other words, the

2    focus "'is not on the agent's subjective intent'" in performing the challenged conduct,

3    but instead on "'the nature of the actions taken and whether they are susceptible to policy

4    analysis.'" Id. (citation omitted).  If the challenged conduct satisfies both prongs, the

5    discretionary function exception bars the claim "even if the court thinks the government

6    abused its discretion or made the wrong choice." Green v. United States, 630 F.3d 1245,

7    1249 (9th Cir. 2011).

8                    **1.      No statute or policy mandated a specific course of action in**

9                            **hiring, training, or supervising Vences and Paiva**

10           The first element is satisfied because Plaintiff cannot identify any "mandatory and

11   specific" statute or regulation controlling "the precise manner" in which TSA hired,

12   trained, or supervised Vences and Paiva.  Chadd, 794 F.3d at 1108–09; Bailey v. United

13   States, 623 F.3d 855, 860 (9th Cir. 2010); Padilla v. United States, 2013 WL 5913813

14   (C.D. Cal. 2013) (finding a negligence claim barred by 28 U.S.C. § 2680(a) when the

15   plaintiff did not "specify any mandatory, nondiscretionary policy").

16           The Ninth Circuit has held that allegations of "negligent and reckless employment,

17   supervision and training" of government employees "fall squarely within the

18   discretionary function exception." Nurse v. United States, 226 F.3d 996, 1001 (9th Cir.

19   2000); see also Patterson v. Kelso, 2016 WL 4126726, at *6-7 (E.D. Cal. 2016)

20   (plaintiff's allegations of negligent supervision, hiring, and retention fall within the

21   FTCA's discretionary function exception); White v. Soc. Sec. Admin., 111 F. Supp. 3d

22   1041 (N.D. Cal. 2015) (discretionary function exception applies even when plaintiff

23   alleges that employee was "unfit for the job, and that his unfitness for the job created a

24   particular risk to others"); Hekmat v. TSA, 247 F. Supp. 3d 427, 437 (S.D.N.Y. 2017)

25   (finding that "conduct which relates to the degree of oversight the TSA imposes on its

26   agents . . . is discretionary").

27           In her FAC, because Plaintiff has failed to identify a mandatory statute or

28   regulation specifying precisely how the hiring, training, or supervision of TSA

                                                    14

1    employees Sandra Vences and Pablo Paiva was to be done, Defendant has satisfied the

2    first element of the discretionary function exception test.

3              2.      **Decisions about the hiring, training, and supervision of Vences**

4                      **and Paiva were susceptible to policy analysis**

5              Plaintiff's claims regarding the hiring, training, and supervision of Vences and

6    Paiva involve "hindsight" and "judicial second guessing" that would "encroach on the

7    typ[e] of balancing done by an agency" in making decisions about operating and

8    overseeing their operations.  See Chadd, 794 F.3d at 1108. These types of supervision

9    decisions necessarily "involve a complex balancing of budgetary considerations,

10   employee . . . rights, and the need to ensure public safety." Burkhart v. Washington

11   Metro. Area Transit Auth., 112 F.3d 1207, 1217 (D.C. Cir. 1997).  As a result, the claims

12   involve a "decision that is susceptible to social, economic, or political policy analysis."

13   Chadd, 794 F.3d at 1108–09; see also Nurse, 226 F.3d at 1001; Vickers v. United States,

14   228 F.3d 944, 950 (9th Cir. 2000) ("This court and others have held that decisions

15   relating to the hiring, training, and supervision of employees usually involve policy

16   judgments of the type Congress intended the discretionary function exception to

17   shield."); Ard v. FDIC, 770 F. Supp. 2d 1029, 1039 (C.D. Cal. 2011) ("In sum, because

18   supervisory decisions are susceptible of policy analysis, and are thus of the type to which

19   Congress intended the discretionary function exception apply, the discretionary function

20   exception bars plaintiffs' negligent supervision claim.").  Defendant has therefore

21   satisfied the second element of the discretionary function test, and Plaintiff's claim must

22   be dismissed.

23

24

25

26

27

28

III.   **<u>CONCLUSION</u>**

For the foregoing reasons, this Court should grant Defendants' motion to dismiss.

Dated: December 4, 2017                    Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section

        /s/ *Jason K. Axe*
JASON K. AXE
Assistant United States Attorney
Attorneys for Defendants

16